UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

MR. AND MRS. "A.", PARENTS OF "Z.A.",
A MINOR WITH DISABILITIES,

        Plaintiffs,

  v.

THE GREENWICH BOARD OF
EDUCATION,

        Defendant.

3:15-cv-00203 (CSH)

**RULING ON DEFENDANT'S MOTION
TO STRIKE DEMAND FOR A JURY TRIAL**

HAIGHT, Senior District Judge:

    Defendant, the Greenwich Board of Education, [Doc. #18] moves pursuant to Rule 12(f)(2) of the Federal Rules of Civil Procedure for an order striking Plaintiffs' demand for a jury trial from the First Amended Complaint [Doc. # 13].  This Ruling resolves the motion.

**I.    Background**

    Plaintiffs bring this action pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1482 ("IDEA"), to appeal a December 30, 2014 administrative order issued by a hearing officer from the State of Connecticut's Department of Education.  Specifically, Plaintiffs filed suit under Section 1415(i)(2) of the IDEA, which grants the right to bring a civil action to certain parties claiming to have been aggrieved by the IDEA's dispute resolution process.

    Plaintiffs styled their amended pleading as a "First Amended Complaint with Jury Demand," [Doc. #13] at 1, the ultimate three words of which Defendant aims to strike through the instant

motion.[1] Plaintiffs opted not to file an opposition.[2] Although this Court is at times free to determine that lack of an opposition is itself sufficient cause to grant a motion, it may not do so "where the pleadings provide sufficient grounds to deny the motion." Local Rule 7(a)(1). The Court is therefore obliged to address the merits of Defendant's motion.

**II.     Discussion**

Rule 12(f) of the Federal Rules of Civil Procedure allows a court, either *sua sponte* or upon motion, to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, motions to strike under Rule 12(f) are generally disfavored. *See Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 938 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986). Nevertheless, the Court determines that sufficient grounds exist to overcome that disfavor, grant the motion, and strike Plaintiffs' jury demand.

The Seventh Amendment determines that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved." However, suits that only invoke a court's equity powers do not carry a concomitant right to a jury trial. *See Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005) (the Seventh Amendment "perpetuates the law/equity dichotomy"). As such, where a claim is one at law (*i.e.*, for money damages), a plaintiff may have a constitutional right to a jury; where a claim is one in equity (*i.e.*, for declaratory relief), no such right exists. "To determine whether petitioner's action is in law or equity, we must look to the relief which he seeks." *In re Gartenberg*, 636 F.2d 16, 18 (2d Cir. 1980).

---

[1] Plaintiffs' amended pleading makes no other reference to a jury demand.

[2] Further, Plaintiffs have subsequently stated that "this matter can be resolved through motion practice," and that "it is anticipated that the matter will not go to trial." [Doc. #22], at 2.

Here, Plaintiffs have made no request for monetary damages and instead seek relief from this Court that is all equitable in nature.[3]  [Doc. #13] at 15-16; *see also* [Doc. #22] (asking for exemption from initial disclosure rules under Rule 26(a)(1)(B)(i) because their lawsuit is "an action for review on an administrative record").  Moreover, even had they so desired, Plaintiffs could not have sought monetary damages because the Second Circuit has squarely held "that monetary damages are not available under the IDEA."  *Polera v. Bd. of Educ. of Newburgh Enlarged City School District*, 288 F.3d 478, 486 (2d Cir. 2002); *see also Doe v. East Lyme Bd. of Educ.*, 790 F.3d 440, 454 (2d Cir. 2015) ("An award of damages is not available [under the IDEA] . . . but a court may award various forms of retroactive and prospective equitable relief.").  As Plaintiffs have not—and may not—assert a claim for monetary damages, their claim is adjudicated under this court's equity power, to which no jury right attaches.

In support of its motion, Defendant also points the Court to the law of the 11th Circuit, which specifically holds that jury trials are *never* available as to claims brought pursuant to the IDEA.  *See Loren F. ex rel. Fisher v. Atlanta Ind. Sch. System*, 349 F.3d 1309, 1313 (11th Cir. 2003) ("no IDEA jury trial exists"); *Lewellyn v. Sarasota Cnty Sch. Bd.*, 2009 WL 1515737, at *8 (M.D. Fla. 2009).  The Court notes that the 11th Circuit came to that result as a necessary implication of the fact that

---

[3] Through their first ground for relief, Plaintiffs seek a reversal of the agency decision. Through their second and third grounds, they seek declaratory relief.  Through the fourth ground, they seek reimbursement of tuition and costs, a form of equitable relief.  *See generally Mackey v. Bd. of Educ. for the Arlington School District*, 386 F.3d 158 (2d Cir. 2004).  Through their fifth ground, they seek reimbursement of attorney's fees, which are statutorily authorized under the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(l), and do not (and cannot, *see infra*) convert Plaintiffs' claim into one for damages.  *See School Bd. of Lee Cnty, Florida v. E.S.*, 2008 WL 4793655, at *5 (M.D. Fla. 2008) ("under the IDEA an award of attorney's fees is considered part of costs not damages").  Their sixth, and final identified form of relief, seeks permission to introduce evidence.

the IDEA only allows for equitable relief. *See id.* ("Because only injunctive relief and equitable damages are allowed under the IDEA, there is no jury trial rights for IDEA claimants"). The Court finds the 11th Circuit's reasoning persuasive.[4]

The Court holds that because Plaintiffs have only sought equitable relief, they are not entitled to the Seventh Amendment right to a trial by jury. Defendant's motion to strike Plaintiffs' jury demand is GRANTED.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
**September 18, 2015**

　　　　　　　　　　　　　　　　　　　　*/s/ Charles S. Haight, Jr.*
　　　　　　　　　　　　　　　　　　　　**Charles S. Haight, Jr.**
　　　　　　　　　　　　　　　　　　　　**Senior United States District Judge**

---

[4] However, the Court finds it unnecessary to adopt the 11th Circuit's holding that there can no be jury trial right for claims under the IDEA.